*714 OPINION OF THE COURT
Joseph Harris, J.
State and County respondents move pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the grounds that this action may not be maintained because the petitioner has failed to state a cause of action. Petitioner opposes the motion. There being no contested issues of fact, the court treats the motion as a motion for summary judgment.
Petitioner is 35 years old and currently employed as a Court Officer with the Rensselaer County Sheriffs Department. He has taken and passed Rensselaer County’s written police officer examination with an 85% score. The petitioner is presently eligible for hiring and is on an unexpired eligibility list.
The underlying action is based on respondent’s alleged discrimination against petitioner by enforcing a hiring age barrier for police officers which prevents those between the ages of 29 and 39 from being hired. The petitioner requests relief in the form of a declaratory judgment declaring that petitioner is an eligible candidate and therefore must be considered for all positions filled from the exam list.
Historically, New York State law prohibited persons over 29 years of age from becoming police officers. (Civil Service Law § 58 [1] [a].) Prior to July 6, 1994, Civil Service Law § 58 (1) (a) stated that a police officer must not be "less than twenty * * * nor more than twenty-nine years of age as of the effective establishment date of the eligible list”.
In 1985, in Hahn v City of Buffalo (770 F2d 12, 596 F Supp 939), the United States Court of Appeals affirmed a judgment of the District Court invalidating the age limitation of Civil Service Law § 58 (1) (a) insofar as it conflicted with the Federal Age Discrimination in Employment Act of 1967 (29 USC § 631 [a] [ADEA]). ADEA protected persons 40 years of age or older from discrimination in employment on the basis of their age. As a result of the 1985 ruling, the United States Congress enacted an exemption for police and firefighters in order to have a study done to determine if there was a reasonable basis for age limitations in hiring for these positions. The study found no justification to defend an age restriction for the hiring of police officers and firefighters and the exemption was automatically repealed on December 31, 1993. Thus, as of January 1, 1994 it became illegal for States *715 to discriminate against persons over the age 40 in their hiring practices respecting police officers and firefighters.
Respondents argue that even after that date, the ADEA did not prohibit New York State from continuing to prohibit the hiring of persons between the ages of 29 and 39 from employment as police officers or firefighters.*
On July 6, 1994, chapter 278 of the New York State Laws of 1994 was signed into law. It amended section 58 (1) (a) of the Civil Service Law, effective "immediately” by, among other things, eliminating the restriction which prohibited persons over 29 years of age from becoming police officers.
The motion to dismiss is based upon respondent’s contention that the new law is inapplicable because it was not in effect when the disputed events occurred and upon the petitioner’s failure to demonstrate that the Legislature expressly intended to apply the amendment retroactively. Furthermore, respondents argue that as it existed prior to July 6, 1994, Civil Service Law § 58 (1) (a) was constitutional.
The issue before the court is whether persons over 29 years of age who were listed as eligible to become a police officer prior to the effective date of chapter 278 and who are still on a present eligibility list are entitled to the protection afforded by said law, thus enabling them to become police officers.
Chapter 278 is ambiguous as to how those persons over 29 years of age who were put on current eligibility lists before the bill was signed into law are impacted by the law. Judicial inquiry into legislative intent is appropriate as an aid to statutory interpretation when the law is ambiguous. (Wells v State of New York, 134 AD2d 874; Finger Lakes Racing Assn, v New York State Racing & Wagering Bd., 45 NY2d 471.) Since chapter 278 is ambiguous, the court must look to legislative intent.
"Generally, statutes are construed as prospective, unless the language of the statute, either expressly or by necessary *716 implication, [or the legislative intent clearly] requires that it be given a retroactive construction.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]; Murphy v Board of Educ., 104 AD2d 796.) The New York State Senate’s memorandum regarding the legislation expressly stated that the effective date was "immediate and applicable to all eligible lists which have not expired as of such effective date.” (NY State Senate Mem in Support of L 1994, ch 278.)
The New York State Assembly’s memorandum regarding the legislation states that the act "shall take effect immediately and allows those candidates who had taken an examination and were precluded from consideration for appointment under the previous age limits to be placed on an eligible list if it has not been established or is still viable. These candidates will be reactivated on such list in the appropriate relative standing according to such candidates’ examination scores.” (NY Assembly Mem in Support of L 1994, ch 278.)
Although the language of the new law is ambiguous, the intent of the Legislature is clear. The Legislature plainly intended the law to address all those who are on present eligibility lists. Therefore, the petitioner is entitled to the protection afforded by chapter 278.
Accordingly, respondents’ motion to dismiss is denied and summary judgment is granted in favor of petitioner. Respondents are ordered and directed to restore and reactivate petitioner on all pertinent eligibility lists with the appropriate relative standing according to his examination score and petitioner is declared eligible for appointment as a police officer regardless of age.

 Because of later events, it is not necessary to decide this proposition although the court considers it highly questionable and violative of the "equal protection of the laws” guarantee of the US Constitution. Although reasonable classifications do not violate this guarantee, unreasonable classifications do. For the State to consider that the Federal statute forbade it from discriminating against persons solely over 40 years of age in its hiring practices respecting police officers, yet continuing to discriminate against persons 29 to 39 years of age respecting such hiring practices, would be the height of unreasonableness and violative of equal protection on the part of the State.